# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| WADE BRUMBAUGH | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:09CV331 LG-RHW |
| | § | |
| CITY OF D'IBERVILLE | § | DEFENDANT |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

BEFORE THE COURT is the Motion [4] to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) filed by the City of D'Iberville, Mississippi. The Plaintiff has filed his response, and the City has replied. After due consideration of the submissions, the Court finds that the Plaintiff has adequately stated claims for age and disability discrimination in his employment. However, the Plaintiff cannot state a claim for punitive damages against the City. Accordingly, the Motion to Dismiss will be granted in part and denied in part.

## DISCUSSION

Plaintiff Brumbaugh, a 62 year-old man, filed this suit complaining of his demotion and a hostile work environment at the City of D'Iberville. He contends he was subjected to age and "disability"-based comments, and that the City demoted him because of his age and/or because it regarded him as having a disability. Compl. 2-3, 4 (¶IV-6).

The City moves for dismissal, asserting that Brumbaugh has not alleged what disability the City believed he had and was the basis of the alleged discrimination. If Brumbaugh's referral to an anger management course was the basis for the alleged discrimination, the City asserts that an inability to manage anger does not establish a *prima facie* ADA case. The City also argues that Brumbaugh's demotion from a supervisor position only indicates that the City believed he

could not perform the work of a supervisor, not that he was substantially limited in his ability to do work in general. Further, the City asserts that Brumbaugh has not alleged the elements of a *prima facie* case of age discrimination, because he has not made any allegations about his replacement or others similarly situated. Finally, the City asserts that, as a matter of law, Brumbaugh cannot prevail on his claim for punitive damages, because such damages are not available against a political subdivision such as a municipality. Brumbaugh argues that his allegations are sufficient to state claims of age and disability discrimination. He does not address the matter of punitive damages.

Although the City bases its request for dismissal on Brumbaugh's failure to plead a *prima facie* case of either age or disability discrimination in his employment, the Supreme Court in *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508 (2002), held that a complaint need not contain specific facts that would establish a *prima facie* case of discrimination under the framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). The *prima facie* elements constitute an evidentiary standard, not a pleading burden. *Swierkiewicz,* 534 U.S. at 510. An employment discrimination plaintiff need only give the defendant "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Id.* at 514. The Supreme Court in *Twombly* explicitly reaffirmed its holding in *Swierkiewicz* when it noted that the court does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007). Thus, the *prima facie* elements need not be specifically pled in order for an employment discrimination plaintiff to survive a motion to dismiss. *Lindsay v. Yates,* 498 F.3d 434, 439-40 (6th Cir. 2007). "[C]laims lacking merit may be dealt with through summary judgment under Rule 56." *Swierkiewicz*, 534

U.S. at 514.

*A. Americans With Disabilities Act*

The Americans With Disabilities Act provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The Act defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." *Id.* § 12102(2). Finally, a "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id.* § 12111(8).

The Fifth Circuit has stated that "[t]o prevail on an ADA claim, a plaintiff must prove that (1) he has a 'disability'; (2) he is 'qualified' for the job; and (3) an adverse employment decision was made solely because of his disability." *Turco v. Hoechst Celanese Corp.,* 101 F.3d 1090, 1092 (5th Cir. 1997). To withstand a motion to dismiss, however, the plaintiff need only allege sufficient facts that, if true, would establish a claim for discrimination. The plaintiff has done so. He alleges that the City regarded him as disabled because of anger management issues, and discriminated against him on that basis. Whether the City actually regarded him as disabled, or whether a lack of ability to manage anger qualifies as a disability, are not matters to be determined on a motion to dismiss. The allegations give the City fair notice of the basis for Brumbaugh's ADA claim.

*B. Age Discrimination in Employment Act*

The ADEA makes it "unlawful for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). If there is no direct evidence of age discrimination, the plaintiff can create a rebuttable presumption of discrimination by establishing the elements of a prima facie case: (i) at the time plaintiff was demoted, he was a member of the class protected by the ADEA ("individuals who are at least 40 years of age," 29 U.S.C. § 631(a)), (ii) he was otherwise qualified for his position, (iii) he was demoted despite his qualifications, and (iv) the defendant successively hired persons not in the protected class, or persons substantially younger, to fill plaintiff's position. *Evans v. City of Houston*, 246 F.3d 344, 350 (5th Cir. 2001). Once again, Brumbaugh need not allege facts sufficient to establish a *prima facie* case, but only allege sufficient facts that, if true, would establish a claim for discrimination on the basis of age. He has sufficiently alleged such facts. He alleges that he was over the age of 40 and his age was a motivating factor in his demotion. These allegations give the City fair notice of the basis of Brumbaugh's age discrimination claim.

*C. Punitive Damages*

Brumbaugh does not argue with the City's assertion that his claim for punitive damages in regard to his employment discrimination claims is expressly disallowed by statute. The statute provides:

> A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. § 1981a(b)(1). There are no facts Brumbaugh could allege that would allow him to recover punitive damages against a political subdivision such as the City of D'Iberville for employment discrimination. *See Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 465-66 (5th Cir. 2001). Accordingly, his claim for punitive damages should be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [4] to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by the City of D'Iberville, Mississippi is **GRANTED** in regard to the claim for punitive damages and **DENIED** in all other respects.

**SO ORDERED AND ADJUDGED** this the 17th day of February, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE